Kenneth Miller (SBN 126083)
John W. Shenk (SBN 261573)
**ERVIN COHEN & JESSUP LLP**
9401 Wilshire Boulevard, Ninth Floor
Beverly Hills, California 90212-2974
Telephone (310) 273-6333
Facsimile (310) 859-2325
kmiller@ecjlaw.com
jshenk@ecjlaw.com

Attorneys for Claimant
Centennial Bank

# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>REAL PROPERTY LOCATED AT 6525 SOUTH BRUCE STREET, LAS VEGAS, NEVADA, CLARK COUNTY, APN: 177-02-510-005, INCLUDING ALL APPURTENANCES AND IMPROVEMENTS THERETO,<br><br>Defendants. | CASE NO. 2:08-CV-02075-JAM-GGH<br><br>**STIPULATION FOR ORDER RELEASING PROPERTY FROM CIVIL FORFEITURE ACTION AND AUTHORIZING FORECLOSURE SALE; AND ORDER THEREON**<br><br>Before the Hon. John A. Mendez<br><br>[No Hearing Date] |

This Stipulation For Order Releasing Property From Civil Forfeiture Action And Authorizing Foreclosure Sale ("Stipulation") is made by and among Plaintiff United States of America ("Plaintiff"); and Claimants G & R Empire, LLC, a Nevada limited liability company, Raed "Roy" Moury, Loudy Egho, George Bittar, and Wanda Bittar, (collectively "Claimants"); and Claimant Centennial Bank (the "Bank" and together with the Claimants and Plaintiff, collectively, the "Parties, and individually a "Party"), with respect to all of the following:

IDOCS:13311.3:1144755.5                1
MOTION FOR ORDER TO RELEASE PROPERTY FROM CIVIL FORFEITURE ACTION

# RECITALS

A. Centennial Bank is the holder of a loan (the "Loan") made by G & R Empire, LLC, a Nevada limited liability company ("Borrower"), on or about September 24, 2007 and in the original principal amount of $2,225,000.

B. The Loan is evidenced by a certain promissory note (the "Note") in the original principal amount of $2,225,000, dated September 24, 2007, and executed by Borrower in favor of Bank.

C. The Loan is secured by a Deed of Trust (the "Deed of Trust"), executed by Borrower in favor of Bank, in first lien position on the real property (the "Property") located at 6525 South Bruce Street, Las Vegas, Nevada, more specifically described in Exhibit "A" hereto, dated September 24, 2007 and recorded on September 27, 2007, as document number 0004569, with the Recorder's Office of Clark County, State of Nevada.

D. On September 4, 2008, Plaintiff filed its Verified Complaint for Forfeiture In Rem (the "Complaint") against the Property commencing the present civil forfeiture proceedings (hereinafter the "Forfeiture Action").

E. On October 2, 2008, the Bank caused to be served and filed its Claim in the Forfeiture Action (the "Claim").

F. On September 9, 2008, Plaintiff caused a lis pendens (the "Lis Pendens") to be recorded on the Property with the Recorder's Office of Clark County, State of Nevada, as instrument number 0001041.

G. The Borrower failed to make the monthly payment due under the Note on May 1, 2010 and all payments due thereafter despite demand from the Bank.

H. In light of the Borrower's default on the terms of the loan, the Bank has commenced non-judicial foreclosure of its Deed of Trust and caused a Notice of Default to be recorded with the Recorder's Office of Clark County, State of Nevada, on November 30, 2010 as instrument number 0002579. As of the date of the Stipulation, no date has been noticed for the foreclosure sale of Property pursuant to the Deed of Trust.

PDF created with pdfFactory trial version www.pdffactory.com

I. REFS, Inc., a California corporation ("Foreclosure Trustee") was substituted as trustee under the Deed of Trust, pursuant to the Substitution of Trustee recorded with the Recorder's Office of Clark County, State of Nevada, on November 30, 2010 as instrument number 0002578.

J. The Bank has caused its Motion for 1) Order Releasing Property From Civil Forfeiture Action or Authorizing Interlocutory Sale, and 2) Order Expunging Lis Pendens (the "Motion") with the Court in the Forfeiture Action which Motion has been ordered submitted by the Court without appearance and without argument pursuant to Local Rule 230(g).

**NOW, THEREFORE,** for good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged by the Parties hereby agree as follows:

1. All of the Recitals set forth above are incorporated herein by reference. Plaintiff, Claimants, and Bank each acknowledge the truthfulness of all of the aforementioned Recitals.

2. The Parties further acknowledge that the Bank is authorized to complete the non-judicial foreclosure of the Deed of Trust and consummate the foreclosure sale in connection with the Deed of Trust (the "Foreclosure Sale"), without further court hearing or notice, except as otherwise required by applicable law.

3. Within seven (7) calendar days of the recordation of the Trustee's Deed Upon Sale and completion of the Foreclosure Sale, the Bank shall cause to be filed with this Court and served on the Parties (other than the Bank) through their counsel an accounting (the "Accounting") setting forth the amount of the successful bid at the Foreclosure Sale as well as the outstanding balance due under the terms of the Loan as of the date of the Foreclosure Sale. If either the Bank or the Foreclosure Trustee receives any proceeds from the Foreclosure Sale exceeding the total of the reasonable expenses of taking possession, maintaining, and protecting property and the costs and fees of the foreclosure sale as set forth in NRS Section 40.462(2)(a) and the outstanding balance due under the Loan as of the date of the Foreclosure Sale, as set forth in NRS Section 40.462 (2)(b), the Bank or the Foreclosure Trustee, as applicable, shall immediately remit said excess proceeds and file them with this Court in this Forfeiture Action as soon as practicable, notwithstanding any provision under NRS Sections 40.462(2)(c) and 40.462(2)(d), or any other

PDF created with pdfFactory trial version www.pdffactory.com

applicable law, to the contrary.  Under no circumstances will the Bank or the Foreclosure Trustee be liable to any of the other Parties or any third party, including any party claiming any lien or other interest in the Property or proceeds from the Foreclosure Sale, for remitting proceeds from the Foreclosure Sale exceeding the outstanding balance due under the Loan as of the date of the Foreclosure Sale so long as the Bank and/or the Foreclosure Trustee remits all of such funds received from the Foreclosure Sale in accordance with the provisions of this Stipulation.

4.   Nothing contained in this Stipulation shall require or prohibit the Bank from submitting a bid in connection with the Foreclosure Sale.  Instead, Plaintiff and the Claimants each acknowledge that the Bank may submit a bid in connection with the Foreclosure Sale in any amount it deems appropriate in its sole and absolute discretion.

5.   Within seven (7) calendar days from the date of Court approval of this Stipulation, Plaintiff shall cause the Lis Pendens to be expunged and removed from title to the Property.

6.   Immediately upon expungement of the Lis Pendens, the Bank shall cause a notice of withdrawal of its Claim to be filed with the Court in this Forfeiture Action.

7.   If, as set forth in the Accounting, the Bank does not receive any funds from the Foreclosure Sale exceeding the amount of the Loan owed to the Bank as of the date of the Foreclosure Sale, Plaintiff and Claimants shall submit a stipulation for dismissal of the Forfeiture Action with the Court within seven (7) calendar days from the date the final accounting is served by the Bank.

8.   Except for those obligations owed under Paragraphs 5, 7 and 9 of this Stipulation by Plaintiff to the Bank, the Bank hereby releases Plaintiff and its servants, agents, attorneys, employees from any and all liability arising from, of or in any way connected with the Complaint, the Claim and the Forfeiture Action.  This is a full and final release applying to all unknown and anticipated injuries, and/or damages arising from, of, or out of or in any way connected with the Complaint, the Claim and the Forfeiture Action, including claims now known and disclosed, as well as unknown claims and claims not disclosed.  In connection with the release as set forth in this Paragraph 8, the Bank waives the provisions of California Civil Code § 1542, which provides as follows:

PDF created with pdfFactory trial version www.pdffactory.com

> A general release does not extend to claims to which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.

9. Upon court approval of this Stipulation, and so long as the Bank complies with the obligations owed under Paragraphs 3, 6 and 8 of this the Stipulation, Plaintiff and the Claimants shall not take any action or pursue any claim against the Bank in connection with the Forfeiture Action, or to interfere with, challenge, or in any way impair the Bank's foreclosure of its Deed of Trust. Moreover, except for those obligations owing under the terms of the Stipulation, Plaintiff hereby releases the Bank, and its servants, agents, attorneys, and employees from any and all liability arising from or out of or in any way connected with the Complaint, the Claim and the Forfeiture Action. This is a full and final release applying to all unknown and anticipated injuries, and/or damages arising out of or in any way connected with the Complaint, the Claim and the Forfeiture Action, including both claims now known and disclosed, as well as claims not known and not disclosed. In connection with the release as set forth in this Paragraph 9, the Plaintiff waives the provisions of California Civil Code § 1542, which provides as follows:

> A general release does not extend to claims to which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.

10. The Bank stipulates that there was reasonable cause for the commencement and prosecution of this civil action, and the posting of the Defendant Property with the Notice of Complaint and Complaint, and the Court may enter a Certificate of Reasonable Cause pursuant to 28 U.S.C. § 2465 at the conclusion of this action.

11. Each of the Parties shall bear their own attorneys' fees and costs related to and in connection with the negotiation and drafting of this Stipulation as well as in connection with all matters regarding the Forfeiture Action.

12. This Stipulation may not be modified or amended, nor any provision waived, except by a written agreement executed by all Parties.

13. Immediately upon Court approval of this Stipulation, this Stipulation shall be binding upon and inure to the benefit of the Parties and to their successors, and assigns, without

PDF created with pdfFactory trial version www.pdffactory.com

any further notice or court hearing.

14. This Stipulation may be executed in multiple counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument.

15. This Stipulation may be executed by transmitting an executed signature page by facsimile or e-mail in pdf format to the other Parties, and by promptly sending to all of the other Parties an originally executed signature page, provided, however, that if a Party fails to subsequently send an originally executed signature page to all the other Parties, the Stipulation shall remain valid and be executed by such facsimile and pdf format signatures.

**[END OF STIPULATION. SIGNATURE BLOCKS ON FOLLOWING PAGE]**

PDF created with pdfFactory trial version www.pdffactory.com

ERVIN COHEN & JESSUP LLP

1 | **IN WITNESS WHEREOF** the Parties have executed this Stipulation as of January __, 2011:

Benjamin B. Wagner
United States Attorney

By: /s/Kelli L. Taylor
Kelli L. Taylor
Assistant United States Attorney
Attorneys for Plaintiff United States of America

Mayall, Hurley, Knutsen, Smith & Green
A Professional Corporation

By: /s/Jeffrey B. Setness
Jeffrey B. Setness
Attorneys for Claimants G & R Empire, LLC, a Nevada limited liability company, George Bittar, Wanda Bittar, Raed "Roy" Mouri, and Loudy Egho

Ervin Cohen & Jessup LLP

By: /s/Kenneth Miller
Kenneth Miller
Attorneys for Claimant
Centennial Bank

**For Purposes of Paragraph 3 of the Stipulation Only:**

Law Offices of Paul V. Reza, Esq.

By: /s/Paul V. Reza
Paul V. Reza
Attorneys for REFS, Inc.,
a California corporation

PDF created with pdfFactory trial version www.pdffactory.com

Ervin Cohen & Jessup LLP

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25                            **EXHIBIT "A"**
26
27
28

PDF created with pdfFactory trial version www.pdffactory.com

**EXHIBIT "A"**
**LEGAL DESCRIPTION**

BEING A PORTION OF LOT ONE (1) OF SUNSET-SPENCER COMMERCIAL AS SHOWN BY MAP THEREOF ON FILE IN BOOK 91 OF PLATS, PAGE 63 AND ALSO BEING A PARCEL OF LAND IN THE NORTHWEST QUARTER (NW1/4) OF THE NORTHEAST QUARTER (NE1/4) OF SECTION 2, TOWNSHIP 22 SOUTH, RANGE 61 EAST, M.D.M., CLARK COUNTY, NEVADA MORE PARTICULARLY DESCRIBED AS FOLLOWS:

BEGINNING AT THE SOUTHEAST CORNER OF LOT 1-1 AS SHOWN BY MAP THEREOF ON FILE IN FILE 106, PAGE 78 OF SURVEYS IN THE CLARK COUNTY, NEVADA RECORDERS OFFICE; THENCE NORTH 88°56'59" WEST, ALONG THE SOUTH LINE OF SAID LOT 1-1, A DISTANCE OF 133.76 FEET;
THENCE NORTH 00°42'45" WEST, A DISTANCE OF 300.14 FEET TO THE SOUTH RIGHT OF WAY LINE OF SUNSET ROAD;
THENCE SOUTH 88°56'59" EAST, ALONG SAID SOUTH RIGHT OF WAY LINE, A DISTANCE OF 109.51 FEET TO THE BEGINNING OF A CURVE, CONCAVE SOUTHWESTERLY, HAVING A RADIUS OF 25.00 FEET AND A CENTRAL ANGLE OF 88°14'14";
THENCE SOUTHEASTERLY ALONG THE ARC OF SAID CURVE TO THE RIGHT, A DISTANCE OF 38.50 FEET TO A POINT OF TANGENCY, ALSO THE WEST RIGHT OF WAY LINE OF BRUCE STREET;
THENCE SOUTH 00°42' 45" EAST, ALONG SAID WEST RIGHT OF WAY LINE A DISTANCE OF 275.90 FEET TO THE POINT OF BEGINNING.

ALSO SHOWN AS AREA 1 OF RECORD OF SURVEY RECORDED NOVEMBER 4, 2003 IN FILE 134 OF SURVEYS, PAGE 2.

PDF created with pdfFactory trial version www.pdffactory.com

# **ORDER**

Having reviewed the foregoing Stipulation and good cause appearing therefore,

**IT IS HEREBY** ordered, adjudged and decreed that the Stipulation for Order Releasing Property From Civil Forfeiture Action and Authorizing Foreclosure Sale is hereby approved.

Dated: 1/12/2011

                                  /s/ John A. Mendez
                                  THE HONORABLE JOHN A. MENDEZ
                                  UNITED STATES DISTRICT COURT

PDF created with pdfFactory trial version www.pdffactory.com

# PROOF OF SERVICE

STATE OF CALIFORNIA ) 
) ss: 
COUNTY OF LOS ANGELES )

I am employed in the County of Los Angeles, State of California. I am over the age of eighteen (18) years and not a party to the within action. My business address is 9401 Wilshire Boulevard, Beverly Hills, California 90212-2974.

On January 12, 2011, I served the document described as

**STIPULATION FOR ORDER RELEASING PROPERTY FROM CIVIL FORFEITURE ACTION AND AUTHORIZING FORECLOSURE SALE; AND ORDER THEREON**

on counsel for the parties in this action, or on the parties in propria persona, addressed as stated on the attached service list:

[X]     BY MAIL: By placing true and correct copies thereof in individual sealed envelopes, with postage thereon fully prepaid, which I deposited with my employer for collection and mailing by the United States Postal Service. I am readily familiar with my employer's practice for the collection and processing of correspondence for mailing with the United States Postal Service. In the ordinary course of business, this correspondence would be deposited by my employer with the United States Postal Service on that same day. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after the date of deposit for mailing in affidavit.

[ ]     BY NEXT-DAY DELIVERY: Via Overnite Express. I am readily familiar with my employer's practice for the collection and processing of correspondence via Overnite Express. In the ordinary course of business, this correspondence would be picked up by Overnite Express on that same day.

[ ]     BY FACSIMILE: I caused such document to be sent via facsimile to the names and facsimile numbers listed above and received confirmed transmission reports indicating that this document was successfully transmitted to the parties named above.

[ ]     (STATE) I declare under penalty of perjury under the laws of the State of California and the United States of America that the foregoing is true and correct.

[X]     (FEDERAL) I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

EXECUTED on January 12, 2011 at Beverly Hills, California.

/s/Christina O'Meara 
Christina O'Meara

## SERVICE LIST

| | |
|---|---|
| Benjamin B. Wagner<br>United States Attorney<br>Kelli L. Taylor<br>Assistant United States Attorney<br>501 I Street, Suite 10-100<br>Sacramento, CA  95814 | **Attorney for Plaintiff United States of America** |
| Robert W. Wasserman<br>Jeffrey B. Setness<br>Mayall, Hurley, Knutsen, Smith & Green<br>A Professional Corporation<br>2453 Grand Canal Boulevard, Second Floor<br>Stockton, CA  95207-8253 | **Attorneys for G&R Empire LLC; Phoenix Cash & Carry LLC; Raed "Roy" Mouri and Loudy Egho, as Trustees of the MGM Trust dated may 16, 2005; George Bittar and Wanda Bittar, as trustees of the Bittar Family Trust, dated December 23, 2003; George Bittar; and Ideal Tobacco wholesale, Inc.** |
| Paul V. Reza<br>Law Offices of Paul V. Reza<br>P.O. Box 4931<br>Mission Viejo, CA  92690 | **Attorneys for REFS, Inc., a California corporation** |

PDF created with pdfFactory trial version www.pdffactory.com